UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

C'LA MORALES,

Defendant.

Case No.  CR 23-5085-DGE-20

DETENTION ORDER

THE COURT conducted a hearing on Ms. Morales' motion to reopen or reconsider (Dkt. 424, 448) the Court's previous order of detention (Dkt. 167). The defendant is represented by Bryan Hershman. The government is represented by Assistant United States Attorney Zachary Dillon.

The United States has responded to the motion (Dkt. 455) and opposes the re-opening. U.S. Probation and Pretrial Services submitted a Second Supplemental Pretrial Services Report and recommends detention.

Defendant's request to reopen the hearing is based on 18 U.S.C. § 3142(f)(2), which provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." New information is "material" if the new information shows the defendant is less likely to flee or fail to appear for trial, or less likely to have the potential for dangerousness to others and the community. *Id.; see United States v. Watson,* 475 Fed. Appx. 598, 600 (6th Cir. 2012).

The defendant is charged with Conspiracy to Distribute Controlled Substances under 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Dkt. 1, Indictment, Count 1.

The Bail Reform Act, 18 U.S.C. § 3142(g) requires the Court to consider the

1

1   nature and circumstances of the offense, the weight of the evidence against the

2   defendant, the defendant's history and characteristics, whether they were on probation,

3   parole, or other court supervision at the time of the alleged offense conduct; and the

4   nature and seriousness of the danger to any person or the community posed by the

5   defendant's release. The Court previously considered these factors and ordered

6   defendant detained. Although the Court finds there is new information that was not

7   available to the defendant at the time of the previous detention hearing, and the new

8   information is material, Ms. Morales presents no arguments in the current motion that

9   change the Court's determination.

10      The government met its burden of proof and burden of persuasion by a

11   preponderance of the evidence that there is a serious risk the defendant would not

12   appear for Court, and clear and convincing evidence that the defendant presents a

13   significant risk of danger to others or to the community. Although the defendant came

14   forward with evidence to rebut the presumption of detention, the Court weighted the

15   statutory factors and finds that detention is appropriate under the Bail Reform Act.

16      The Bail Reform Act recognizes that release should be the normal course,

17   and "detention prior to trial or without trial is the carefully limited exception." *United*

18   *States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant

19   poses a serious potential for dangerousness, it is not necessary for the

20   government to produce, or for the Court to rely on, evidence of prior convictions

21   for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

22
    The defendant has ties to the community, and significant family and
23
    friendship support. Yet, even with conditions by which the defendant's
24
    whereabouts could potentially be monitored, the Court finds that there are no

conditions of release that would effectively mitigate the risk of failure to appear, or the risk of dangerousness to others or to the community. Starting in 2019, Ms. Morales was participating in a drug court program with Pierce County Superior Court. While in that program, she allegedly committed the current federal offenses. This shows that she was not following the Pierce County Superior Court's orders at the time of the current offense, and this Court finds that shows a serious risk that Ms. Morales would fail to appear for Court and would also fail to follow other conditions of supervised release.

The Court agrees with the Second Supplemental Pretrial Services Report and finds none of the release conditions proposed by the defendant would be a viable release plan under the Bail Reform Act, because the Court cannot effectively prevent the defendant from leaving the residence or from having visitors come to see her at this location. Even with electronic location monitoring, the defendant would potentially be able to obtain drugs – her friend's residence would not be completely secure from ingress or egress.

The Court also finds that, based on the Government's proffer that Ms. Morales was found at the time of her arrest to have access to firearms, ammunition, heroin, and fentanyl pills in her storage locker, and that she was allegedly involved in distribution of large quantities of fentanyl, an addictive controlled substance that is particularly lethal. The circumstances of the current offense therefore support the Government's showing that, by clear and convincing evidence, she poses a serious risk of danger to others and to the community. Dkt. 455, at 2-6.

This finding is based on: 1) the nature and circumstances of the charged offense; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; 4) criminal history; 5) history of failure to follow court orders; and 6) the nature and seriousness of the danger release would impose to any person or the community.

*Order of Detention*

< The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

< The defendant shall be afforded reasonable opportunity for private consultation with counsel.

< The defendant shall on order of a court of the United States or on request of an attorney for the government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 30th day of June 2023.

Theresa L. Fricke
United States Magistrate Judge